FILED 117
Honorable Thomas M. Keyes State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Keyes:
This opinion is in answer to your following question:
 "Do auditors of the state auditor's office have free access to all documents contained within the personnel files belonging to the Department of Mental Health, which is required to be audited by the state auditor, even when such documents and/or the entire personnel files have been designated as confidential information by the department?"
The additional facts which you supplied to us in your opinion request are:
 "State auditor's staff conducting an audit examination of Marshall State School Hospital was denied access to the employees' medical records and patrol investigation reports which are contained in the personnel files of this Department of Mental Health facility. Such documents are routine records which are obtained for all employees and become a permanent part of the personnel files.
 "The Department of Mental Health considers these records to be confidential and therefore not available to the state auditor for examination until prior written approval of the individual employee(s) is obtained."
Applicable state laws concerning the duties of the Auditor and penalties are:
Section 29.130, RSMo 1969, states:
 "The state auditor shall have free access to all offices of this state for the inspection of such books, accounts and papers as concern any of his duties."
Section 29.235.1, RSMo 1969, states:
 "All audits shall conform to recognized governmental auditing practices."
Section 29.250, RSMo 1969, states:
 "If any such officer or officers shall refuse to submit their books, papers and concerns to the inspection of the state auditor, or any of his examiners, or if anyone connected with the official duties of the state, county, institution, or political subdivision of the state, shall refuse to submit to be examined upon oath, touching the officers of such county or political subdivision, the state auditor shall report the fact to the prosecuting attorney, who shall institute such action or proceedings against such officer or officers as he may deem proper."
Section 29.260, RSMo 1969, states:
 "Nothing done in sections 29.010 to 29.360 shall preclude any officer or officers in charge of the offices and institutions mentioned in said sections from having proper recourse in the courts of law in this state."
Section 29.340, RSMo 1969, states:
 "Any state or county official affected by this chapter who shall refuse or fail to comply with the provisions of this chapter shall be deemed guilty of a misdemeanor."
Section 29.130 indicates that the State Auditor shall have free access to all offices of this state for the inspection of such documents and papers as concern any of his duties.
The State Auditor pursuant to Section 29.200, RSMo 1969, has a duty to post-audit the accounts of the Department of Mental Health. To the extent that the data and records contained in the personnel file maintained by the Department of Mental Health and its facilities on its employees reasonably relate to the duties of the State Auditor in performing his post-audit of the financial condition of that agency such data and records are to be made available to him. However, the Department and the facilities are not required to provide to the State Auditor data or records contained in the personnel files which are not directly relevant to the Auditor's duty to conduct a post-audit of the financial condition of the Department or the facilities.
Recently, the Supreme Court of Missouri in Director of Revenuev. State Auditor, 511 S.W.2d 779 (Mo. 1974), discussed the duty of the State Auditor to conduct a post-audit of the financial records of various state agencies and his access to certain material. The court held that Article IV, Section 13 of the Missouri Constitution requires no more of the State Auditor than that he verify that the financial picture of a department by examination after the fact of the financial statements of the transactions of the department and present his opinion as to the fairness with which the financial statements illustrate the financial position of the department. Accordingly, the court denied the State Auditor's request for detailed information from tax returns filed by taxpayers of this state because the court found that the information contained on tax returns was not related to the State Auditor's duties.
Under this holding, unless the data and records which are requested by the State Auditor are directly relevant to performing his duty of conducting a post-audit as to the financial status of the Department and its facilities, the Auditor has no statutory authority to demand access to such data and records.
In this connection we point out that the basic question which has to be answered under the particular facts of each case is whether or not the Auditor has the duty and authority to inspect such data and records. The question is not whether the particular records are confidential under state law because it is clear that even though records may be confidential under state law, the Auditor would have the authority to see such records when he is acting in the proper performance of his official duties. Article IV, Section13 of the Missouri Constitution.
It is our understanding that the Department of Mental Health has requested the State Auditor to demonstrate how such information relates to his duties to conduct a post-financial audit. It is further our understanding that the department has not refused the State Auditor access to such information except to the extent that the Department believes that the information is not within the scope of the Auditor's duties. We believe that it is reasonable for a state agency to request the State Auditor to show how the information requested by him relates to his authority to conduct a post-financial audit provided there is a substantial question as to whether the Auditor's request may be in excess of his authority.
Clearly, the Auditor has the power to subpoena the records pursuant to Section 29.235.2, RSMo 1969. Further in the event the prosecuting attorney institutes action pursuant to Section 29.250, RSMo 1969, to compel the department to make certain records or information available to the Auditor, the burden will be on the Auditor to demonstrate that such information relates to his duties. However, we do not believe or suggest that it should become the practice of the State Auditor to initiate legal action against such officers in every instance in which there appears to be a legitimate refusal by a state agency to produce documents and records. Clearly, it is the duty of state officers, whether elected or appointed, to exercise a high degree of cooperation so that the duties of each can be performed expeditiously and in a manner consistent with the public interest. In this respect, since the Office of the Attorney General is placed in a position initially of representing all state officers under Chapter 27, RSMo, such differences as may exist between such officers should, in each particular case, be resolved to the extent possible by such officers with the assistance of the Office of the Attorney General. Attorneys from this office will be available to assist the Auditor and the various state agencies in specific factual situations to the extent consistent with the legal views of this office.
CONCLUSION
It is the opinion of this office that the State Auditor has access to information contained in individual personnel files maintained at the Department of Mental Health and its facilities even though parts of such files may be confidential to the extent that such files relate to the duty of the Auditor to post-audit the financial condition of such institutions.
The foregoing opinion, which I hereby approve, was prepared by my assistants, Terry C. Allen and Daniel P. Card II.
Yours very truly,
 JOHN ASHCROFT Attorney General